Good morning, your honors. I'm Tony Gallagher, federal defender for the District of Montana, and I'm here for the juvenile Philip L. Philip's claim is not truly an Apprendi claim, but it is a claim that derives from Apprendi v. New Jersey and the Supreme Court's recent jury trial jurisprudence. The question before this court is whether a prior juvenile adjudication qualifies as a prior conviction for purposes of mandatory transfer to adult court in light of Jones, Apprendi, and most particularly this court's decision in the United States v. Tye. And also, your honor, as this court stated in United States v. Juvenile, and there are so many cases cited on our briefs, I'll try to give the site. This one is 347 Fed 3rd 778 involving C.K. A successful prosecution under the act results in a civil adjudication, not a criminal conviction, and that's page 785 of that case. Let me ask you, what do you do with United States v. Miguel? Well, your honor, and United States, I think it's v. David H. If I can address Miguel first. Sure. The Apprendi issue in Miguel was strikingly different than the one raised by Philip. Miguel argued that the jury rather than the judge must decide whether the whether to try him as an adult because the transfer increased his maximum sentence from imprisonment until age 21 to life in prison, and that's 338 Fed 3rd at 1000. Miguel's discussion of Apprendi is not relevant to Philip's issue. The court held that Apprendi does not require that a jury find the facts that allow the transfer to district court. Here, Philip relies on that language in Apprendi, which talks about the prior adjudication and how that prior adjudication cannot be used as a conviction, as a predicate for increasing someone's sentence, if someone is not given a jury trial right in that prior conviction. Isn't that a little bit different? Philip's case is certainly strikingly different than Miguel. I'm not saying that Philip has to have his right to be tried as a juvenile or his right to be tried as an adult determined by a jury. I'm not saying that. I'm saying that his prior conviction had to have the jury trial right attended to him, and it did not. David H., on the other hand, to address the court's second question, did not address the foundational issue raised by Philip here. The court specifically held in David H. that, one, 5032 was not void for vagas. It was unconstitutionally vague, is what we claim below in David H., and the court found it's not unconstitutionally vague. And secondly, in David H., the court found that Congress intended, found guilty, to apply to previous juvenile adjudications. But David H. was decided before Jones, Apprendi, and Tye. And the, in light of Jones, Apprendi, and Tye, David H.'s statement of congressional intent simply did not go far enough. But I understand what you want to say is, is that for purposes of mandatory transfer provision, the prior juvenile conviction cannot be considered, at least those that qualify, certain basic qualifications can't be considered in making that mandatory determination unless the right to jury trial attached. That's exactly what I'm saying. Not what I want to say. That's what I'm saying. Did Apprendi involve a guilty plea? Did Apprendi involve a guilty plea? No, it did not. Your juvenile pleaded guilty to the prior offense. What you're saying is the only reason he pleaded guilty was because he didn't have a jury trial? No, Your Honor. In Philip's case, and I represented him on the three burglaries. In Philip's case, he pled true. He didn't plead guilty. But it's not the same thing? It is not the same thing. It is not the same thing. The juvenile nomenclature is different. Yes, Your Honor. The fact of the true plea means he committed the criminal offense. Is that not right? It means he committed the acts. He did not commit a criminal offense. Remember, I'm sorry, Judge. But the act was what? Burglary. The acts were three burglars. And is that a crime? It would be a crime if it was committed by an adult. But as this Court has said in Juvenile C.K., which I mentioned at the beginning of my argument, that's a civil adjudication of juvenile delinquency. It's not a finding of guilt. It's not a conviction of the adult crime. And in light of Tye. Now, remember what Tye did. Tye said that an individual who has a prior juvenile adjudication, that prior juvenile adjudication cannot be used to raise his status, his status to an armed career criminal. And what I'm saying here is that the logical extension of that is, is that a juvenile who has a prior juvenile adjudication cannot, on the basis of that prior juvenile adjudication, be mandatorily transferred in his status to the status of an There has to be the full panoply of constitutional rights for an individual's prior conviction or his prior finding of guilt to be counted. Let me ask you, does a juvenile have a right to a jury trial? He does not if he stays in juvenile court. And because of the reason for and rehabilitation. It's not meant to be punitive. It's meant to allow an individual to try to rehabilitate himself. So if the defendant chooses to go to adult court, he loses that treatment and rehabilitation. Why would he want to lose that? The act itself is far different. The procedures are different. Even a court, a court can deny someone a public trial and the adjudication can conducted in chambers under 5038. So it's far different. And I think that this Court must look not only to Tye, but its recent decision in Juvenile C.K. to determine that a juvenile adjudication of delinquency cannot be used as a mandatory transfer to adult court. Well, Mr. Geller, you see, that's where, frankly, I have a problem with your argument now. Apprendi has nothing to do with transfers between juvenile court and adult court. It has to do with, you know, the jury determining the facts that give rise to the maximum sentence, right? That is correct. And except for prior offenses. That is correct. But this is not a determination that has to do with the sentence to which, strictly and legally, technically speaking, to which the defendant is exposed. It has to do with which court is going to conduct the trial of the charged offender. That — What makes Apprendi apply to that decision? Well, Your Honor, what makes Apprendi apply to that decision is the same way that Tye made that apply to this decision. And in Tye, the Court quoted from Apprendi and from Jones when they were talking about prior conviction exception. And they were specifically talking about the fact that those prior convictions had to have the full panoply of my brief. This is not an Apprendi issue, Your Honor. I am not saying that the jury has to make a determination of a fact as an element of the crime of mandatory transfer. What I'm saying is that the Court cannot use those prior adjudications as a basis to transfer Philip to adult court for the same reason that they couldn't in Tye. No, but what about, for instance, in these — and I'm sure you know these cases — these illegal reentry cases? Yes, Your Honor. Where you can use, you know, the prior deportation, right, you know, to establish illegal reentry, but, you know, it's not conducted with what you would call the full panoply of constitutional protection. Well, that's true. But there are certainly constitutional protections in the deportations. In this particular instance — The only protection is, you know, does it meet the basic requirements of due process? That's true. If we ask that question here in the juvenile — underlying juvenile context, the answer is still yes, isn't it? No, Your Honor, it's not. It's not because of the ramifications of what's happening here. We're changing someone's status, much the same as the government tried to change Mr. Tye's status from a felon in possession of a firearm to an armed career criminal. And the Court in Tye said, you can't do that unless those prior convictions, those prior findings of guilt, have the full panoply of constitutional rights. Without the jury trial right, those prior juvenile adjudications cannot be utilized. This is a logical extension of Tye. You can't use — You're over your time, but we're going to give you a minute for rebuttal, all right? Thank you very much, Your Honor. Good morning, Your Honors. My name is David Dennis. I'm an assistant U.S. attorney from the District of Montana. In the appellant's brief, he raises one issue, and that issue is whether a prior adjudication of juvenile delinquency is a finding of guilt. And he argues on page 13 that a successful prosecution results in a criminal adjudication of status, not a criminal conviction. Absolutely agree with that, Your Honor. Government agrees with it. It results in a civil adjudication of juvenile delinquency status. But the basis for that finding of juvenile delinquency is a finding that the juvenile committed an act. The question here is whether or not a juvenile delinquency determination is a finding of guilt. What is a finding of guilt? A finding of guilt is a finding that the individual committed the act, and it's a finding that they committed the act beyond a reasonable doubt, and that it was a criminal act. Is the finding of guilt synonymous with a criminal proceeding rather than a civil proceeding? In a civil proceeding, the jury is not asked to determine whether the defendant is guilty or not. It's asked to render a verdict in favor of the plaintiff or the defendant and in what amount. That is correct, Your Honor. But if you refer back to the statute, section 5032, the statute says that the juvenile must be determined or found guilty of an act which, if committed by an adult, would have been a criminal act. And that finding may, by proof, be on the reasonable doubt? Yes, it is. And, Your Honor, in David H., the Court addressed the specific question. Whether or not a juvenile adjudication of juvenile delinquency status is a finding of guilt under section 5032. And it just really looked – that Court really just analyzed the transfer proof. And in answer to Judge Tsushima's question, this act, the prior act, was found to be done by the juvenile, Philip, because he pleaded guilty. So he didn't have to have it be on the reasonable doubt. He pleaded guilty. I plead true. Yes. That is correct, Your Honor. And if we look at David H., which holds specifically that a finding of juvenile delinquency status is a finding of guilt, again, the Court just focuses on the transfer provisions. But if you look at the full statute, it clearly provides for findings by the district court. At the end of section 5032, the statute states, whenever a juvenile is a judge delinquent pursuant to the provisions of this chapter, the specific acts which a juvenile has been found to have committed shall be described as part of the official record. So the Court is required to make a specific finding that the juvenile committed the act, committed the act, and he has to make that finding beyond a reasonable doubt. And the act has to be an act that, if committed by an adult, would be one of those criminal acts as described in section 5032. Counsel continually makes the argument that he's not arguing Apprendi. I'm not arguing Apprendi here because he has a case out there. United States v. McGill that says Apprendi doesn't apply to this situation. But instead of arguing Apprendi, he argues Ty, Ty, a case which is based on Apprendi. And it's completely distinguishable from this case because it involves the Armed Career Criminal Act, which enhances an individual's sentence, the maximum penalty that they face for a crime. It's the maximum statutory sentence. Yeah, maximum statutory penalty that they face for a crime. I'm not sure exactly what the statute is. The base statute, without that prior juvenile adjudication, they couldn't have been – they could not have raised his sentence beyond the base. In this particular case? No, I mean in Ty. Oh, in Ty. Yeah, exactly. Without that juvenile adjudication, they couldn't have raised his sentence under the Armed Career Criminal Act. I understand Ty, because it resulted in an increase of the statutory maximum sentence. Yes. That our Court reheld that because it was a juvenile adjudication as opposed to an adult adjudication, we were not going to fit it with – we took it out of Almendores-Torres and said we need to look at it differently. Yes. And that was based on Apprendi, which says that there's a requirement of a jury trial – that a jury determine the facts which lead to the increased sentence, which create the factual basis for the increase in sentence. In that case, the application of the Armed Career Criminal Act. Any difference between Ty saying you can't take a juvenile determination into account in order to increase the penalty, and this case where you take it into account to increase the probability of penalty? I mean, of course, he hasn't been convicted. Right. Probability of penalty. So you're putting him in a new status, aren't you? Well, Your Honor, certainly if the juvenile is transferred to adult status, he faces different penalties. But as this Court has recognized in both U.S. v. Juvenile and in U.S. v. Miguel, the determination that the Court makes in making a transfer to adult status is a determination of whether the Court has jurisdiction or how the Court has jurisdiction over the individual, whether they have jurisdiction over the individual as a juvenile or whether they have jurisdiction over the individual as an adult. And in United States v. Juvenile, the Court specifically went through the Juvenile Delinquency Act and said, you know, there is – there's no constitutional right to be treated as a juvenile. And Congress has set aside this act to treat juveniles differently. And within that act, they can decide who's going to be treated as a juvenile. And in deciding who's going to be treated as a juvenile, they can make a determination or they have the power to include a provision that allows somebody to be transferred or treated as an adult given certain circumstances. And I think, you know, there's a – there's a quote from that particular case that I found to be very insightful. It says, Congress could have exercised its discretion to require that all juveniles over the age of 16 charged with the commission of a violent crime be transferred to adult status. Instead, Congress provided that only a juvenile with a prior adjudication for a specified offense would be transferred to adult status. And in this – in this case, the Court was, again, facing a due process challenge to the Juvenile Delinquency Statute and the transfer provision. And the Court went on to say, if a prior juvenile adjudication could not constitutionally serve as a basis for trying a juvenile as an adult, the only way that Congress could require a juvenile involved in a violent offense to be tried as an adult would be to subject first-time violent offenders to the adult system, for there could never be an underlying prior juvenile offense. And in this case, if the Court decided that you couldn't use a prior adjudication of juvenile delinquency status in order to transfer a juvenile to adult status, that whole section of the Juvenile Delinquency Act would be abrogated. It would be useless. And clearly, it was Congress's intent there to – in its right and its power to decide who is treated as an adult and as a juvenile, it was their intent, Congress's intent, that certain individuals, certain juveniles with prior acts be treated as adults. Thank you very much. Thank you. Further questions? The Court has been kind enough to give me an extra minute, and I'm going to try to utilize it expeditiously. First, the entire Statute 5032 would not be abrogated. There is the discretionary transfer, which this Court has discussed earlier. And we're talking only about the mandatory transfer. With discretionary transfer, the district judge would have an opportunity to weigh those prior acts, whether those prior acts were sufficiently egregious. Aren't we bound by the plain language of the statute, counsel, if the juvenile committed an act which, had he been an adult, would have been a crime, then that is counted as a prior. Isn't it as simple as that? Your Honor, and there's no question that Phillips said, true, I have committed an act which, had I been an adult, would have made it burglary. That's true, Your Honor. I was there. Isn't that the end of the story? No, Your Honor, it's not. Why? Because under Jones, Apprendi, and Tye. And I'm looking specifically at that. What are you arguing, Apprendi? Your Honor, I can't help the fact that Apprendi has language in it that helps me. I can't help the fact that Apprendi is based on Jones, which has language that helps me. And that language specifically is, a prior conviction itself must have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees. But you're going to an abstraction, a conviction. That's not what the statute says. It's have you done a prior act, not a prior conviction. If 5032 said a prior conviction, then you could go to that abstraction. But the question is, what does the act say? What are the words? The words are previously been found guilty of an act. Of an act. Previously been found guilty cannot be ignored. Previously been found guilty in conviction, most respectfully, Your Honor, are terms You can't be guilty unless you've been convicted or pled guilty to a crime. And you can't plead guilty to a crime if you're a juvenile. Right. I got you. And Your Honor, so I'm resting on Apprendi and Jones in tie. Not because I'm demanding that a jury must decide whether my client was a juvenile or an adult, but because his prior adjudication did not have the jury trial right. Thank you very much, Your Honors. Thank you, Mr. Giorgio. We thank both counsel and cases submitted for decision. The next case on our argument calendar is an evil versus E.S.P.N.
judges: Tashima, Paez, Bea